UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

  -v-                                                  No.   19 CR 427-LTS

LARRY FARMER,

        Defendant-Movant.

-------------------------------------------------------x

ORDER

        The Court has received and reviewed a letter motion from pro se Defendant Larry Farmer, dated 28 December 2021 (the "Motion").  (Docket entry no. 50.)  Mr. Farmer was convicted of firearms trafficking by this Court in November 2019, and was sentenced to 60 months of imprisonment followed by 3 years of supervised release.  (Docket entry no. 32.)  He surrendered to the custody of the Bureau of Prisons ("BOP") on May 13, 2021, and is expected to be released from custody in August 2025.[1]  (Docket entry no. 48.)

        In the Motion, Mr. Farmer requests that the Court place him in a Residential Reentry Center ("RRC") for the final twelve months of his sentence (or, alternatively, that the Court make such a recommendation to the BOP).  He states that such a placement in an RRC (also known as a halfway house or community correctional facility) will reduce his likelihood of recidivism by offering him needed resources to help him successfully re-integrate into society. He asserts that he is a good candidate for RRC placement because he has exhibited good

---

[1]  This Court recently denied Mr. Farmer's motion for compassionate release.  (Docket entry no. 52.)

behavior while imprisoned, is currently held in only a medium-security facility, and is dedicated to becoming a better person for himself and for his family.

The BOP is statutorily authorized to determine the place of imprisonment for a sentenced prisoner, and is authorized to place prisoners into RRCs to help prepare them for reentry into the community. 18 U.S.C. §§ 3621(b), 3624(c). In 2008, Congress enacted the Second Chance Act, which modified § 3624(c) in several "notable ways," such as "doubl[ing] the maximum prerelease RRC placement period from 6 to 12 months" and "requir[ing] the BOP to make RCC placement decisions on an individual basis." Owusu-Sakyi v. Terrell, No. 10-CV-507-KAM, 2010 WL 3154833, at *2 (E.D.N.Y. Aug. 9, 2010). Section 3624(c) now provides as follows in regard to community placement:

> The director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1) (Westlaw through P.L. 117-80).

BOP regulations "do[] not require an inmate to have served a specific percentage of his term of imprisonment before being considered for community confinement." Owusu-Sakyi, 2010 WL 3154833, at *2 (citing 28 C.F.R. § 570.22). District courts "do not control BOP's [] halfway house placement determinations, but may issue non-binding recommendations" to the BOP. United States v. Britton, No. 09-CR-362-ENV, 2020 WL 6146861, at *1 (E.D.N.Y. Oct. 16, 2020). Additionally, the BOP has issued a guidance memorandum providing that inmates are to be "reviewed for pre-release RRC placements seventeen to nineteen months before their projected release dates." Owusu-Sakyi, 2010 WL

3154833, at *2.  See also United States v. De La Cruz, No. 3:17-CR-150-3-VAB, 2020 WL 733776, at *2 (D. Conn. Feb. 12, 2020) (denying without prejudice the defendant's request for a court recommendation of RRC placement, after concluding that the request was premature because the defendant "still has at least three more years of time to serve").

Thus, while Mr. Farmer may indeed be eligible for an RRC placement during the final months of his term of imprisonment, his motion is currently premature—there are still over three years remaining in his sentence and he has only served a few months thus far. Accordingly, to the extent that Mr. Farmer requests that this Court place him in an RRC, the Court lacks such authority and the request is denied.  To the extent that Mr. Farmer requests that this Court make a recommendation to the BOP regarding his RRC placement, his Motion is premature, and is denied without prejudice.  Mr. Farmer is welcome to renew his Motion after November 1, 2023.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Farmer at each of the addresses below and note service on the docket.  Docket entry no. 50 is resolved.

SO ORDERED.

Dated: New York, New York
January 10, 2022

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies to be Mailed to:**

Larry Farmer
Reg. No. 76308-054
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA 16701

Larry Farmer
Reg. No. 76308-054
FCI Allenwood
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887